UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOHN NOTTINGHAM,                )
                                )
            Plaintiff,          )
    v.                          )    1:06-cv-745-SEB-VSS
                                )
NATIONAL CITY BANK, et al.,     )
                                )
            Defendants.         )

# E N T R Y

## I.

The clerk shall send the plaintiff a filed copy of the complaint and a filed copy of the plaintiff's request to proceed *in forma pauperis*.

## II.

The plaintiff's request to proceed *in forma pauperis* is **denied and this action is dismissed.** The reasons for this disposition are the following:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2. The claims against the defendant judicial officers are barred by their judicial immunity. *Richman v. Sheahan,* 270 F.3d 430, 434 (7th Cir. 2001) (recognizing that judges are entitled to absolute immunity from damages for their judicial conduct). The same immunity, in fact, precludes the claims against the other defendants. *Scruggs v. Moellering,* 870 F.2d 376, 378-79 (7th Cir. 1989) ("Auxiliary judicial personnel who perform functions at once integral to the judicial process and nonmechanical are entitled to absolute immunity from damages liability for acts performed in the discharge of those functions, just as judges are. . . . The danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts alleging as here a conspiracy between the adjunct and the judge-- warrants this extension of the doctrine."). Perhaps more basic to the matter than the doctrine of immunity, however, is the fact that this court has no authority–no grant of jurisdiction–to review the adjudication or resolution of disputes by the state courts in specific cases. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557 (7th Cir. 1999) ("[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal

of a state court judgment simply by casting the complaint in the form of a civil rights action."). Although actions seeking a writ of habeas corpus are an exception to this general rule, neither that exception nor any other applies here. The plaintiff simply cannot obtain direct or indirect review of the actions of the Marion County Probate Court by bringing a claim in a federal court against the personnel of the state courts who have reviewed the litigation in which he has been involved or against individuals serving auxiliary functions supporting the structure of the Indiana courts. The further inclusion of "relevant parties" as defendants also adds nothing of substance. The claim against National City Bank is legally insufficient for the same reasons explained in the Entry dismissing No. 1:06-cv-637-SEB-VSS. That is, there is no allegation that this defendant acted under "color of state law" (such as would be required to support a claim pursuant to 42 U.S.C. § 1983), there is no other stated or discernible basis for the existence of a "federal question" (such as would be required to support this court's jurisdiction under 28 U.S.C. § 1331), and there is no allegation of diversity of citizenship or of the required minimum $75,000.00 in controversy (such as would be required to support the exercise of this court's diversity jurisdiction).

3.    In short, the complaint fails to state a viable claim against any defendant, and hence must be dismissed at this early point regardless of the plaintiff's financial circumstances.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 05/12/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana